UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID A. BICKFORD, )<br>      Plaintiff, )<br>      v. )<br>ALAN D. MARRINER, )<br>      Defendant. ) | 2:12-cv-00017-JAW |

**ORDER ON OBJECTIONS IN THE MICHAEL DAVEE DEPOSITION**

On December 28, 2012, with trial looming, Alan D. Marriner designated portions of the deposition of Michael Davee, a witness, and set forth the Plaintiff's unresolved objections. *Def.'s Designation of the* De Bene Esse *Dep. Test. of Michael Davee and the Pl.'s Unresolved Objections* (ECF No. 47) (*Def.'s Designation*). On December 28, 2012, David A. Bickford supplied his counter-designations; he offered no unresolved objections on the part of the Defendant. *Pl.'s Counter-Designation of the* De Bene Esse *Dep. Test. of Michael Davee and the Def.'s Unresolved Objections* (ECF No. 59) (*Pl.'s Counter*).

The Court rules as follows on the Plaintiff's objections:

1) 9:19-20: Leading — overruled;

2) 11:18-19: Speculation — overruled;

3) 13:19-14:7: Leading — overruled;

4) 14:2-21: Relevance — overruled;

5) 14:21-19:10: Relevance, Confusion of Issues, and Misleading the Jury — overruled;

6) 23:14-17, 25; 24:1-4: Relevance and Hearsay — sustained;

7) 40:25-41:1: Speculation — overruled; and

8) 48:22-49:7: Hearsay — sustained.

Two related objections merit discussion. During the direct examination of Michael Davee, Attorney Welte marked as Deposition Exhibit 5 a seven-paragraph affidavit that Mr. Davee swore to on October 4, 2012. *Dep. of: Michael Davee*, at 23:13-17 (ECF No. 50) (*Davee Dep.*); *Dep. of: Michael Davee*, Exs. 3C to 5, at 5-7 (ECF No. 53). At his deposition, Mr. Davee identified the affidavit and confirmed that he was standing by what he said in it. *Id.* 23:14-24:3. Later, during cross-examination, Mr. Bickford's counsel questioned Mr. Davee about the affidavit. *Id.* 47:1-49:7. In his deposition designation, Mr. Marriner designated his direct examination and a portion of Mr. Bickford's cross-examination about the affidavit. *Def.'s Designation* at 1-2 (designating *Davee Dep.* 23:14-17, 25; 24:1-4; 48:22-49:7).

Mr. Bickford objects to this evidence on two grounds: one, that the affidavit had not been admitted as an exhibit, and two, that the affidavit and the testimony about the affidavit were hearsay. *Def.'s Designation* at 3. Mr. Marriner first responds that the exhibit was marked and made part of the deposition. *Id.* at 4. The Court agrees and overrules this part of Mr. Bickford's objection.

Mr. Marriner next asserts that "[t]he fact that the maker of the Affidavit is testifying about it and ratifies it renders the Affidavit as not being hearsay." *Id.*

2

This is incorrect.  Mr. Davee's prior sworn statement meets the general definition of hearsay.  FED. R. EVID. 801(c)(1)-(2).  Mr. Davee's prior statement and his testimony about his prior statement would not be hearsay if they met the requirements of Rule 801(d)(1)(A)-(C), which addresses a declarant-witness's prior statement.  FED. R. EVID. 801(d)(1)(A)-(C).  They do not.  The statements were not "inconsistent with the declarant's testimony," FED. R. EVID. 801(d)(1)(A); they were not "offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying," FED. R. EVID. 801(d)(1)(B); and they did not "identif[y] a person as someone the declarant perceived earlier."  FED. R. EVID. 801(d)(1)(C).  Mr. Davee's affidavit and his testimony about his affidavit are hearsay, and Mr. Marriner has not suggested that either falls under a hearsay exception.

It is true, as Mr. Marriner points out, that during cross-examination, Mr. Bickford asked questions about the affidavit and that Mr. Bickford is now objecting in part to his own questions.  *Def.'s Designation* at 5.  However, given the static nature of a deposition where an immediate evidentiary ruling is not available, Mr. Bickford acted prudently in asking questions about an exhibit that might have been deemed admissible.  Given that the Court is excluding the affidavit and the portion of Mr. Davee's direct examination that relates to the affidavit, Mr. Bickford did not need to pursue this line of questioning on cross examination, and under these circumstances, Mr. Bickford may object to his own questions.  The Court sustains his objection.

The Court sustains Mr. Bickford's objections to the portions of the Davee Deposition at 23:14-17, 25; 24:1-4; and 48:22-49:7; and to Exhibit 5, the Davee affidavit. However, the Court cautions that if Mr. Bickford through argument or otherwise contends that Mr. Davee's deposition testimony was recently fabricated or that he was acting from a recent improper influence or motive in his testimony, Mr. Davee's testimony about his prior affidavit and the affidavit itself may become admissible. *See* FED. R. EVID. 801(d)(1)(B).

The Court OVERRULES in part and SUSTAINS in part David A. Bickford's objections to Alan D. Marriner's designation of the deposition testimony of Michael Davee.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2013