UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID A. BICKFORD, | ) |
|     Plaintiff, | ) ) ) |
|     v. | )  2:12-cv-00017-JAW |
| ALAN D. MARRINER, | ) ) ) |
|     Defendant. | ) ) |

**ORDER ON O'HARA CORP. DEPOSITION OBJECTIONS**

On December 28, 2012, with trial looming, David A. Bickford filed a designation of the Rule 30(b)(6) deposition testimony of the O'Hara Corporation (O'Hara) that included Alan D. Marriner's unresolved objections. *Pl.'s Designation of the 30(b)(6) Dep. Test. of the O'Hara Corp. and the Def.'s Unresolved Objections* (ECF No. 60) (*Pl.'s Designation*). The same day, Mr. Marriner filed a counter-designation, which included Mr. Bickford's unresolved objections. *Def.'s Counter-Designation of the 30(b)(6) Dep. Test. of Paul McFarland and the Pl.'s Unresolved Objections* (ECF No. 48).

Pursuant to Federal Rule of Civil Procedure 32, Mr. Marriner objects to the admission of the O'Hara deposition on the ground that Mr. Bickford has made no showing that Mr. McFarland, the corporate deponent, is unavailable. *Pl.'s Designation* at 1-2. Although Mr. Bickford explained his evidentiary objections, he did not respond to this objection. *Id.* at 1-4. Federal Rule of Civil Procedure 32(a) establishes some prerequisites for the use of depositions in court proceedings. FED.

R. Civ. P. 32(a). When, as here, the deposition is not being used for impeachment purposes and is not the deposition of a party, the party proffering the deposition must establish that the witness is unavailable under Rule 32(a)(4). *See* Fed. R. Civ. P. 32(a); 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2146, at 642 (3d ed. 2010). Unavailability requires that the witness is dead, is more than 100 miles from the place of the trial, cannot attend or testify due to age, illness, infirmity, or imprisonment, could not be subpoenaed, or that on motion and notice, "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(A)-(E).

There is no indication on this record that any of these prerequisites have been satisfied. To the contrary, Mr. Bickford and Mr. Marriner listed Paul McFarland as a possible witness. *Def. Alan Marriner's Comprehensive Witness List*, 5 (ECF No. 46); *Pl.'s Witness List*, 3 (ECF No. 61). Just this past year, the First Circuit reiterated the importance of compliance with the provisions of Rule 32(a)(4) in concluding that a district court correctly rejected a party's request for use of deposition testimony in lieu of live testimony where the proponent failed to make a proper showing under Rule 32(a)(4)(C). *See Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48-49 (1st Cir. 2012).

As Mr. Bickford has not addressed this issue, the Court SUSTAINS Mr. Marriner's objection under Rule 32 but does so without prejudice to Mr. Bickford's

opportunity to present an argument for the admission of the O'Hara deposition. The Court ORDERS that David A. Bickford may not present the deposition testimony of the O'Hara Corp. in lieu of the live testimony of its designee Paul McFarland unless upon further showing and an Order of this Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2013